GORDON E. R. TROY, PC
Gordon E. R. Troy (GT3737)
3333 Lake Road
PO Box 368
Charlotte, VT  05445
(802) 425-9060 Phone
(802) 425-9061 Fax
**gtroy@webtm.com** E-mail

*Attorney for Plaintiff,* Revise Clothing, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Revise Clothing, Inc.,<br>　　　Plaintiff,<br><br>　　　　　　v.<br><br>Joe's Jeans Subsidiary, Inc.,<br>Joe's Jeans, Inc, formerly known as,<br>Innovo Azteca Apparel, Inc. and, formerly<br>known as, Innovo, Inc.<br>　　　Defendants | Case No. <u>09 CV 3961</u> |

**Motion To Amend Complaint**

Plaintiff, Revise Clothing, Inc., (hereinafter "Revise"), by and through its attorney, Gordon E. R. Troy, PC, pursuant to Fed. Rule of Civil Procedure 15(a)(1)(A) hereby moves this Honorable Court to Amend its Complaint.

As grounds therefore, Plaintiff simultaneously files its Amended Complaint For Declaratory Judgment Of Non-Infringement And Cancellation Of Trademark Registration, along with Exhibits.

The Defendants were served on June 22, 2009 and an answer is due July 13, 2009 (*See Affidavit of Service filed July 2, 2009, Docket Entry No. 4.*) .

No responsive pleading has been served or filed. (*See Docket which ends with Docket Entry No. 4.*)

Accordingly, Plaintiff respectfully amends its complaints against Defendants as shown in the simultaneously filed *Amended Complaint For Declaratory Judgment Of Non-Infringement And Cancellation Of Trademark Registration, along with Exhibits*.

Dated: July 8, 2009

    Respectfully submitted:
    GORDON E. R. TROY, PC

    /s/ Gordon E. R. Troy, PC

    By: _____
       Gordon E. R. Troy (GT3737)
       3333 Lake Road
       PO Box 368
       Charlotte, VT  05445
       (802) 425-9060 Phone
       (802) 425-9061 Fax
       **gtroy@webtm.com** Email

    *Attorney for Plaintiff,* Revise Clothing, Inc.

GORDON E. R. TROY, PC
Gordon E. R. Troy (GT3737)
3333 Lake Road
PO Box 368
Charlotte, VT  05445
(802) 425-9060 Phone
(802) 425-9061 Fax
**gtroy@webtm.com** E-mail

*Attorney for Plaintiff,* Revise Clothing, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Revise Clothing, Inc.,<br>　　　Plaintiff,<br><br>　　　　　　v.<br><br>Joe's Jeans Subsidiary, Inc.,<br>Joe's Jeans, Inc, formerly known as,<br>Innovo Azteca Apparel, Inc. and, formerly<br>known as, Innovo, Inc.<br>　　　Defendants | Case No. <u>09 CV 3961</u> |

**AMENDED COMPLAINT**

**FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

**And <u>CANCELLATION OF TRADEMARK REGISTRATION</u>**

Plaintiff, Revise Clothing, Inc., (hereinafter "Revise"), by and through its

attorney, Gordon E. R. Troy, PC, for their complaints against Defendants and Joe's Jeans

Subsidiary, Inc. and Joe's Jeans, Inc., formerly known as Innovo Azteca Apparel, Inc.

and, formerly known as, Innovo, Inc. (collectively hereinafter referred to as "Joe's Jeans"

and as more fully identified below) states and alleges as follows:

## NATURE OF ACTION AND RELIEF SOUGHT

1. This action arises out of Joe's Jeans' persistent claims that Revise is infringing Joe's Jeans' Supplemental Register Trademark Registration No. 3,506,808 (the "Back Pocket Registration", attached as Exhibit 1, and depicted below) and has threatened to sue Revise and its customer Target Brands for injunctive relief and damages for such purported infringement, demanding that Revise immediately withdraw all purportedly infringing articles from the marketplace, provide it with an accounting so that Joe's Jeans may obtain damages for Revise's profits.



2. Revise denies that it is infringing the Back Pocket Registration. Revise asserts that it independently developed its own back pocket design, and that it first commenced use of its back pocket design at least a half-year prior to the claimed date of first use of the mark shown in the Back Pocket Registration.

3. Revise further alleges that the Back Pocket Registration is merely ornamental, does not function as a trademark, that the mark lacks secondary meaning (e.g.: it lacks distinctiveness), that the mark has not acquired distinctiveness as evidenced by the fact that the trademark is registered on the Supplemental Register, that the mark fails to satisfy the requirements for registration on the Supplemental Register, and that the mark shown in the Back Pocket Registration differs from the specimens submitted by Joe's Jeans with the trademark application. The Back Pocket Registration consists of a

simple stitching design consisting of a curve which is similar to many other designs used in the jean industry.

4.     Having been threatened with suit, and threatened with injunctive relief which would be very damaging to Revise's business, and Revise's customer Target Brands, Revise brings the within action seeking a declaration by this Honorable Court, that the Revise back pocket design does not infringe the Back Pocket Registration, does not infringe any other back pocket designs of Joe's Jeans, and that Revise is free to continue selling its products without liability or interference from Joe's Jeans.

## PARTIES

5.     Revise Clothing, Inc., ("Revise"), is a New Jersey corporation that maintains offices in Teterboro, New Jersey and New York City, New York.

6.     Upon information and belief, Joe's Jeans Inc. is a Delaware corporation with offices located at 5901 South Eastern Avenue, Commerce California, 90040.

7.     Upon information and belief, Joe's Jeans Inc.'s principal business activity involves the design, development and worldwide marketing of apparel products.

8.     Upon information and belief, Joe's Jeans Inc. primary operating subsidiary is Joe's Jeans Subsidiary Inc.

9.     Upon information and belief, Joe's Jeans Subsidiary Inc. is the owner of Supplemental Register Trademark Registration No. 3,506,808 ("Back Pocket Registration").

10. Upon information and belief, Innovo Group's operating subsidiary includes Joe's Jeans Inc., and has historically included another entity, Innovo Azteca Apparel, Inc.

11. Upon information and belief, Joe's Jeans Inc. began its operations in April 1987 as Innovo, Inc., a Texas corporation, to manufacture and domestically distribute cut and sewn canvas and nylon consumer products for the utility, craft, sports-licensed and advertising specialty markets.

12. Upon information and belief, on February 7, 2002, Innovo, Inc. registered to do business with the New York Secretary of State as a foreign business corporation.

13. Upon information and belief, on March 12, 2003, Innovo Azteca Apparel, Inc. registered to do business with the New York Secretary of State as a foreign business corporation.

14. Upon information and belief, in 1990, Innovo, Inc. merged into Elorac Corporation, a Delaware corporation, and renamed itself Innovo Group Inc.

15. Upon information and belief, in October 2007, Innovo Group Inc. renamed itself as Joe's Jeans, Inc.

16. Upon information and belief, Joe's Jeans Subsidiary, Inc. is a subsidiary of Joe's Jeans, Inc., which was formerly known as both Innovo Azteca Apparel, Inc. and Innovo, Inc. ("Joe's Jeans"), each of the Innovo entities are licensed to do business within the State of New York and accordingly, since upon information and belief that the Innovo entities are now fully incorporated into Joe's Jeans, that Joe's Jeans is therefore licensed to do business within the State of New York.

## JURISDICTION AND VENUE

17.     Jurisdiction is proper in this court because this litigation arises under federal law, namely 17 U.S.C. § 1051 et seq. (the "Lanham Act"). This Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question), 28 U.S.C § 1338(a) (trademarks), and 28 U.S.C. § 2201 (Declaratory Judgment Act).

18.     This Court has personal jurisdiction over Defendants' Joe's Jeans, because Joe's Jeans, on information and belief, conducts business in the State of New York, and within this district, including, among other things soliciting sales and making sales of products, having registered to do business within the State of New York, identifying New York County as the county of its business within the State of New York.

19.     Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1391(c).

20.     An actual case or controversy has arisen between the parties. Joe's Jeans has threatened litigation against Revise, and its customer Target Brands, and has asserted that Revise is engaging in acts of trademark infringement by selling jeans bearing its own back pocket design, has threatened to seek injunctive relief and seek damages. These statements threaten grave injury to Revise, and its customer Target Brands.

## GENERAL ALLEGATIONS

21.     Prior to June 2007, Revise independently developed a back pocket design for a line of jeans, and on or about June 14, 2007, first showed samples of the back pocket design to potential customers. On or about November 28, 2007, Revise made shipments of its back pocket design products to its customers. A sample of the Revise back pocket design is as follows:



22. On or about May 16, 2008, Joe's Jeans filed a trademark application on the principal register with the United States Patent and Trademark Office ("USPTO"). A depiction of the mark shown in the application is as follows:



23. The specimen submitted with the application showed the mark as follows:



24. On June 22, 2008, the USPTO, issued an office action denying registration because the mark was ornamental and stated "mere stitching on jeans pockets is not inherently viewed as a trademark." The examiner gave the applicant four options to overcome the refusal to register, and are summarized as follows: i) claim the mark has

acquired distinctiveness under § 2(f) of the Lanham Act by submitting sufficient evidence in support that the device is recognized by consumers as a trademark; or, ii) submitting evidence that establishes that the public would recognize applicant as the secondary source of or sponsorship for the goods; or, iii) amend the application to the supplemental register; or, iv) submitting a substitute specimen showing a non-ornamental trademark use.

25. On August 7, 2008 Applicant choose option iii and amended its application to the Supplemental Register and the registration thereafter issued on September 23, 2008.

26. In the June 22, 2008 official action, the applicant was required to submit a description of the mark and in its response provided the following: "The mark consists of a stitching design on the back pockets of pants. The design is the stitching of two curved lines, one directly above the other on the back pocket of jeans. The lines on the pocket represent stitching. The shape of the pocket is represented by broken lines and is not part of the mark but only serves to show the position of the mark."

27. Upon information and belief, many third parties, in addition to Revise use various different designs on the pockets of jeans and other pants and shorts. Upon information and belief, there are many that include curved lines.

28. By letter dated March 5, 2009, Joe's Jeans' attorney sent a letter to Target Brands, Inc., Senior Trademark and Copyright Counsel, alleging among other things that the Joe's Jeans "inverted Arc" pocket stitch design is distinctive, that the "design has achieved substantial goodwill in the marketplace and has become recognized by the relevant public as a trademark associated with Joe's Jeans." The letter goes on to identify

Revise's product being sold at Target, alleging that there is a likelihood of confusion, and demanding that "Target immediately cease selling apparel bearing the pocket stitch design … [and] … ask[ed] Target account to Joe's Jeans for its profits arising from its sale of products bearing the pocket stitch design." The letter further states that "[i]f we do not hear from you by the close of business on March 12, 2009, Joe's Jeans will consider seeking all relief to which it is entitled, including injunctive relief and damages. This letter is further without prejudice to any demand for relief that may be made or brought if this matter is not promptly resolved to Joe's Jeans's satisfaction." Attached as Exhibit 2 is a copy of the Joe's Jeans March 5, 2009 cease and desist letter sent to Target Brands, Inc. demanding a seven (7) day response.

29. As is customary in the retail industry, companies such as Target Brands require that their vendors agree to indemnify them and hold them harmless from claims of trademark and copyright infringement. Because Revise is the vendor of the products complained about by Joe's Jeans, it bears the responsibility to indemnify Target Brands and hold it harmless from the claims made by Joe's Jeans.

30. On March 20, 2009, the undersigned counsel responded to the Joe's Jeans March 5, 2009 cease and desist letter sent to Target Brands, Inc. on behalf of Revise. Among other things, Revise asserted that it had priority of right in so far as that it first commenced use of its back pocket design prior to the claimed date of first use in the Back Pocket Registration, alleged that the Supplemental Register registration lacked distinctiveness, pointed out that Revise's back pocket design was a pieced pocket and did not consist of stitching, and alleged that the overall commercial impressions was

sufficiently different to obviate a likelihood of confusion, pointing out that Joe's Jeans uses the distinctive stylized initials of its founder Joe Dahan on all products.

31. On March 31, 2009, Joe's Jeans responded essentially denying the points made by the undersigned counsel and reiterated its allegation that its mark was distinctive and therefore entitled to trademark protection. Moreover, Joe's Jeans went further to state that its real date of first use was at least as early as August 2006, making the effort to trying to establish rights prior to that of Revise. Again, Joe's Jeans demanded "… that your client [Revise] cease its sales of products bearing the infringing pocket design. Joe's Jeans will have no choice but to take such further action as is necessary to protect its valuable trademark rights if your client does not promptly agree to the demands made in our letter of March 5th and provide the information requested in that letter. Such action might include, for example, filing a complaint against your client and Target for trademark infringement and unfair competition, and seeking injunctive relief and damages." Attached as Exhibit 3 is a copy of the Joe's Jeans March 21, 2009 cease and desist letter sent to the undersigned counsel for Revise, without its attachments.

32. On April 4, 2009, the undersigned counsel responded to the Joe's Jeans March 31, 2009 cease and desist letter sent to the undersigned counsel for Revise essentially stating that the Joe's Jeans back pocket design was: i) not distinctive, ii) it lacked acquired distinctiveness and therefore does not have secondary meaning, iii) that even if the mark could function as a trademark, there was no likelihood of confusion for several reasons, including, the dissimilarity of the marks, different marketing channels, dissimilarity of consumers because the Revise products are typically sold for 1/10th the price of the Joe's Jeans products. Despite the fact that Revise believes that Joe's Jeans'

claim is specious at best, Revise agreed that it would phase out all use of its back pocket stitching design in order to avoid unnecessary litigation.

33.     On April 14, 2009, Joe's Jeans responded again refuting Revise' position, and went on to accuse Revise of copying the Joe's Jeans back pocket design and further demanded "Joe's Jeans requires that you provide written confirmation of your client's agreement to *immediately* cease its sales of infringing products *and* provide the accounting of its sales of infringing products to date … If your client is unwilling to provide this confirmation and the accounting by April 18, 2009, Joe's Jeans will have no choice but seek the relief to which it is entitled in federal court and will take such action without further notice to you." [*Emphasis in Original*] Attached as Exhibit 4 is a copy of the Joe's Jeans April 14, 2009 cease and desist letter sent to the undersigned counsel for Revise. It is noteworthy that the April 14, 2009 letter mandated a response within 4 days, with a Saturday deadline.

34.     On April 21, 2009, counsel for Joe's Jeans again threatened to bring suit against Revise stating: "If we do not hear from you by the close of business tomorrow, we will have no choice but to proceed with the filing of a complaint for trademark infringement and unfair competition against your client and Target." Attached as Exhibit 5 is a copy of the Joe's Jeans April 21, 2009 communication sent to the undersigned counsel for Revise.

35.     On four separate and distinct occasions, Joe's Jeans has threatened to bring suit against Revise, and Revise's customer Target Brands, for purportedly infringing the non-distinctive back pocket design.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment of Non-infringement of Trademark
### 15 U.S.C. §1051 et seq.)

36. Revise restates and incorporates the Allegations of Paragraphs 1 through 35 of this Complaint as if fully set forth herein.

37. Joe's Jeans has claimed that Revise's sale of articles of clothing bearing the back pocket design constitutes trademark infringement, and has threatened four (4) times to bring a lawsuit against Revise, and Revise's customer Target Brands, on this basis.

38. An actual, present and justiciable controversy has arisen between Joe's Jeans and Revise concerning Revise's right to sell its products free of interference from Joe's Jeans.

39. Revise seeks declaratory judgment from this Court that its back pocket design does not constitute a trademark infringement of the Back Pocket Registration or any such other trademark, product configuration or back pocket design that Joe's Jeans may claim.

## SECOND CLAIM FOR RELIEF
### (Cancellation of Trademark Registration – 15 U.S.C. §1051 et seq.)

40. Revise restates and incorporates the Allegations of Paragraphs 1 through 35 of this Complaint as if fully set forth herein.

41. The mark represented in the Back Pocket Registration is ornamental and decorative, does not function as a trademark to identify and distinguish Joe's Jeans goods from those of others, and does not serve to indicate Joe's Jeans is the source of such goods.

42. The mark represented in the Back Pocket Registration is incapable of distinguishing Joe's Jeans goods from those of others.

43. Revise seeks cancellation of the Back Pocket Registration because it does not comply with the requirements for registration of a mark on the Supplemental Register.

### THIRD CLAIM FOR RELIEF
### (Cancellation of Trademark Registration – 15 U.S.C. §1051 et seq.)

44. Revise restates and incorporates the Allegations of Paragraphs 1 through 35 of this Complaint as if fully set forth herein.

45. The Trademark Office rules of practice (TMEP 807.12) and the Code of Federal Regulations (37 C.F.R. §2.51) require that "the drawing of the mark must be a substantially exact representation of the mark as used on or in connection with the goods." Joe's Jeans failed to comply with this requirement and therefore its registration is invalid.

46. Revise seeks cancellation of the Back Pocket Registration because the drawing of its mark substantially differs from the specimen submitted in its application.

### FOURTH CLAIM FOR RELIEF
### (Cancellation of Trademark Registration – 15 U.S.C. §1051 et seq.)

47. Revise restates and incorporates the Allegations of Paragraphs 1 through 35 of this Complaint as if fully set forth herein.

48. As the first user of a purportedly similar mark, Revise has priority of right over Joe's Jeans to register such a mark.

49. Revise seeks cancellation of the Back Pocket Registration based upon its earlier use of a purportedly similar mark.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Revise prays as follows and requests that the Court:

1. Enter judgment according to the declaratory relief sought;

2. Cancel Supplemental Register Trademark Registration No. 3,506,808;

3. Award Revise its costs, expenses and attorneys fees in this action;

4. Enter such other further relief to which Revise may be entitled as a matter of law or equity, or which the Court determines to be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38 (F.R.C.P 38), Revise hereby demands a jury trial on all issues so triable.

Dated: July 8, 2009

        Respectfully submitted:
        GORDON E. R. TROY, PC

        /s/ Gordon E. R. Troy, PC

        By: _____
          Gordon E. R. Troy (GT3737)
          3333 Lake Road
          PO Box 368
          Charlotte, VT  05445
          (802) 425-9060 Phone
          (802) 425-9061 Fax
          **gtroy@webtm.com** Email

        *Attorney for Plaintiff,* Revise Clothing, Inc.