Brad. D. Rose, Esq.
Lisa M. Buckley, Esq.
PRYOR CASHMAN LLP
7 Times Square
New York, NY 10036-6965
(212) 421-4100 (TEL)
(212) 326-0806 (FAX)

Attorneys for Joe's Jeans Subsidiary, Inc. and
Joe's Jeans, Inc.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

REVISE CLOTHING, INC.,

              Plaintiff,

v.

JOE'S JEANS SUBSIDIARY, INC., AND
JOE'S JEANS, INC.,

              Defendants.

Case No. 09-cv-3961 (BSJ)

JOE'S JEANS SUBSIDIARY, INC., AND
JOE'S JEANS, INC.,

              Third-Party Plaintiffs,

v.

TARGET CORPORATION AND TARGET
BRANDS, INC.,

              Third-Party Defendants.

**ANSWER TO AMENDED COMPLAINT,**
**AFFIRMATIVE DEFENSES,**
**COUNTERCLAIMS AND**
**THIRD-PARTY COMPLAINT**
**OF DEFENDANTS  JOE'S JEANS**
**SUBSIDIARY, INC., AND JOE'S JEANS,**
**INC.**

**DEMAND FOR JURY TRIAL**

        Defendants, Joe's Jeans Subsidiary, Inc., and Joe's Jeans, Inc. (collectively "Joe's

Jeans"), as and for its Answer to the Amended Complaint for Declaratory Judgment of Non-

Infringement And Cancellation of Trademark Registration (the "Complaint") filed by Plaintiff Revise Clothing, Inc. ("Revise"), hereby allege and state that they:

1.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint concerning the basis upon which Revise instituted this action and admit that Revise and Target are infringing Joe's Jeans' trademark and that Joe's Jeans has so advised Revise and Target.

2.    Deny each and every allegation set forth in Paragraph 2 of the Complaint, except admit that Revise denies that it is infringing Joe's Jeans' federally registered Inverted Arc Design trademark (the "Mark") and affirmatively allege that Revise is in fact infringing Joe's Jeans' Mark.

3.    Deny each and every allegation set forth in Paragraph 3 of the Complaint.

4.    Admit that Revise purports to seek a declaration from this Court permitting it to continue to use Joe's Jeans' Mark and affirmatively assert that Revise is not entitled to such a declaration because Revise and Target are infringing Joe's Jeans' Mark.

5.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint.

6.    Admit the allegations in Paragraph 6 of the Complaint.

7.    Admit the allegations in Paragraph 7 of the Complaint.

8.    Admit the allegations in Paragraph 8 of the Complaint.

9.    Admit the allegations in Paragraph 9 of the Complaint.

10.    Deny each and every allegation set forth in Paragraph 10 of the Complaint.

11.    Admit the allegations in Paragraph 11 of the Complaint.

12.    Admit the allegations in Paragraph 12 of the Complaint.

13.    Admit the allegations in Paragraph 13 of the Complaint.

14.    Admit the allegations in Paragraph 14 of the Complaint.

15.    Admit the allegations in Paragraph 15 of the Complaint.

16.    Deny each and every allegation set forth in Paragraph 16 of the Complaint, except admit that Joe's Jeans is licensed to do business in the State of New York and that Joe's Jeans Subsidiary, Inc. is a subsidiary of Joe's Jeans, Inc.

17.    Respond that Paragraph 17 of the Complaint states a conclusion of law to which no response is required.

18.    Respond that Paragraph 18 of the Complaint states a conclusion of law to which no response is required, except admit that they do business in the State of New York.

19.    Respond that Paragraph 19 of the Complaint states a conclusion of law to which no response is required.

20.    Deny each and every allegation set forth in Paragraph 20 of the Complaint, except admit that Revise and its customer Target Brands are engaging in acts of trademark infringement by selling jeans bearing Joe's Jeans' Mark and that such unlawful activity entitles Joe's Jeans to both injunctive relief and damages.

21.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint.

22.    Admit the allegations in Paragraph 22 of the Complaint.

23.    Admit the allegations in Paragraph 23 of the Complaint.

24.    Deny each and every allegation set forth in Paragraph 24 of the Complaint and refer the Court to a true copy of the June 28, 2008 Office Action for the language and import thereof.

25.    Deny each and every allegation set forth in Paragraph 25 of the Complaint and refer the Court to a true copy of the August 7, 2008 Response to Office Action for the language and import thereof.

26.    Deny each and every allegation set forth in Paragraph 26 of the Complaint and refer the Court to a true copy of the June 28, 2008 Office Action for the language and import thereof.

27.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint.

28.    Deny each and every allegation in Paragraph 28 of the Complaint and refer the Court to a true copy of the March 5, 2009 letter for the language and import thereof.

29.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint.

30.    Deny each and every allegation set forth in Paragraph 30 of the Complaint and refer the Court to a true copy of the March 20, 2009 letter for the language and import thereof.

31.    Deny each and every allegation set forth in Paragraph 31 of the Complaint and refer the Court to a true copy of the March 31, 2009 letter for the language and import thereof.

32.    Deny each and every allegation set forth in Paragraph 32 of the Complaint and refer the Court to a true copy of the April 4, 2009 letter for the language and import thereof.

33.    Deny each and every allegation set forth in Paragraph 33 of the Complaint and refer the Court to a true copy of the April 14, 2009 letter for the language and import thereof.

34.    Deny each and every allegation set forth in Paragraph 34 of the Complaint and refer the Court to a true copy of the April 21, 2009 letter for the language and import thereof.

35.    Deny each and every allegation set forth in Paragraph 35 of the Complaint.

4

36.    Incorporate by reference their responses to the paragraphs above.

37.    Deny each and every allegation set forth in Paragraph 37 of the Complaint.

38.    Deny each and every allegation set forth in Paragraph 38 of the Complaint.

39.    Admit only that Revise's Complaint purports to seek declaratory relief. To the extent this paragraph implies or alleges such declaratory relief is warranted, it is denied.

40.    Incorporate by reference their responses to the paragraphs above.

41.    Deny each and every allegation set forth in Paragraph 41 of the Complaint.

42.    Deny each and every allegation set forth in Paragraph 42 of the Complaint.

43.    Deny each and every allegation set forth in Paragraph 43 of the Complaint.

44.    Incorporate by reference their responses to the paragraphs above.

45.    Deny each and every allegation set forth in Paragraph 45 of the Complaint.

46.    Deny each and every allegation set forth in Paragraph 46 of the Complaint.

47.    Incorporate by reference their responses to the paragraphs above.

48.    Deny each and every allegation set forth in Paragraph 48 of the Complaint.

49.    Deny each and every allegation set forth in Paragraph 49 of the Complaint.

50.    Deny that Revise is entitled to any of the relief it seeks in its Prayer for Relief.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

51.    The Complaint fails to state a claim on which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

52.    Joe's Jeans' registration in the U.S. Patent and Trademark Office for the Mark at issue is valid and enforceable.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

53.    Revise's claims are barred based upon its knowledge of Joe's Jeans' open, notorious and continuous use of its Mark since at least as early as August 2006 and Joe's Jeans' registration of the Mark since September 23, 2008.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

54.    Revise has no right to use the Mark because such use is an infringement of and therefore violates Joe's Jeans' federally registered and common law trademark rights.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

55.    Revise's claims are barred in whole or in part by the doctrine of waiver.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

56.    Revise's claims are barred by the equitable doctrine of laches and/or acquiescence.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

57.    Revise's claims are barred in whole or in part by the doctrine of estoppel.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

58.    The Complaint is barred, in whole or in part, by Revise's unclean hands.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

59.    Joe's Jeans presently has insufficient knowledge or information upon which to form a belief as to whether it has additional, as yet unstated, affirmative defenses available. Joe's Jeans reserves the right to assert additional affirmative defenses for which it has developed factual support pending the outcome of discovery or otherwise.

WHEREFORE, Joe's Jeans respectfully requests that the Court:

      a.  deny Revise's request for declaratory relief in all respects;

b. find this case to be exceptional within the meaning of 15 U.S.C. § 1117(a);

c. award Joe's Jeans its attorneys' fees, expenses and costs incurred in this action; and

d. award Joe's Jeans such further relief as the Court finds just and proper.

## COUNTERCLAIMS AND THIRD-PARTY COMPLAINT

Counterclaim plaintiffs Joe's Jeans, Inc. and Joe's Jeans Subsidiary, Inc. ("Joe's Jeans") as and for their counterclaims against counterclaim defendant Revise Clothing, Inc. ("Revise"), and complaint against third-party defendants Target Corporation and Target Brands, Inc. (collectively referred to as "Target") alleges as follows:

1.     In this action, Joe's Jeans seeks injunctive relief and damages based upon Revise's and Target's (collectively "Defendants") (i) infringement of Joe's Jeans' Inverted Arc Trademark (the "Trademark"); and (ii) acts of unfair competition engaged in by Defendants.

2.     Upon information and belief, Defendants are presently advertising and selling clothing bearing an exact replica of the Trademark on jeans - the same type of apparel sold by Joe's Jeans under the Trademark - through virtually identical channels of trade to an overlapping consumer base with full knowledge of Joe's Jeans' prior rights in and to the same.  Such use is a willful infringement of Joe's Jeans' prior and paramount rights in and to its Trademark and federal trademark registration.

## PARTIES

3.     Counterclaim plaintiff Joe's Jeans, Inc., is a Delaware corporation with offices at 5901 South Eastern Avenue, Commerce, California, 90040.  Counterclaim plaintiff Joe's Jeans Subsidiary, Inc., a wholly owned subsidiary of Joe's Jeans, Inc., is a Delaware corporation with offices at 5901 South Eastern Avenue, Commerce, California 90040.

4.      Upon information and belief, counterclaim defendant Revise is a corporation of the State of New Jersey with offices at 20 Henry Street, Teterboro, New Jersey, 07608 and 1400 Broadway, New York, New York, 10036.

5.      Upon information and belief, on May 21, 2003, Revise registered to do business with the State of New York Secretary of State as a foreign business corporation and, upon further information and belief, is doing business in the State of New York and in this District.

6.      Upon information and belief, third-party defendant Target Corporation is a Minnesota corporation with its principal place of business at 1000 Nicollet Mall, Minneapolis, MN 55403.

7.      Upon information and belief, on January 19, 1995, Target Corporation registered to do business with the State of New York Secretary of State as a foreign business corporation.

8.      Upon information and belief, Target Corporation owns and operates more than 1,500 Target retail stores throughout the United States, including in New York, and owns and operates an online retail store located at www.target.com, which distributes to consumers in New York State and in this District.

9.      Upon information and belief, third-party defendant Target Brands, Inc., is a Minnesota corporation with its principal place of business at 1000 Nicollet Mall, Minneapolis, MN 55403.

10.     Upon information and belief, Target Brands, Inc., is a wholly owned subsidiary of Target Corporation, and is responsible for brands it owns and licenses to Target Corporation and its various divisions.  Upon further information and belief, Target Brands' products are sold in New York State and in this District.

## JURISDICTION AND VENUE

11.    The action arises under the Lanham Trademark Act, 15 U.S.C. §1051 et seq. (the "Lanham Act"), New York General Business Law and the common law of the State of New York.  This Court has jurisdiction pursuant to 28 U.S.C §§ 1331, 1338 and 1367.

12.    This Court has personal jurisdiction over Defendants because they regularly conduct business throughout the State of New York, including in this district.

13.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 in that Defendants are transacting business within this district.  Further, venue is appropriate since a substantial portion of the acts complained of herein were committed by Defendants within this district.

## FACTS COMMON TO ALL CLAIMS

**A.    Joe's Jeans' "Inverted Arc Design" Trademark**

14.    Joe's Jeans produces one of the most recognized and sought-after premium denim brands in the world.

15.    Joe's Jeans designs, sources and distributes its "Joe's" and "Joe's Jeans" branded apparel products to more than 1,200 retail stores in the U.S. and abroad and displays its products at third-party showrooms in New York and Los Angeles.

16.    Joe's Jeans expends substantial amounts of money each year in advertising and promoting its products and has received substantial international and national publicity with respect to its apparel items and fashions accessories.  Indeed, Joe's Jeans has enjoyed unsolicited media attention from some of the nation's most widely circulated publications such as In Style Magazine, People Magazine, Glamour, Elle Magazine, Teen Vogue, Lucky, In Touch, and several others.  In addition, Joe's Jeans' products have been prominently worn by numerous high

profile celebrities, including but not limited to Beyonce, Katie Holmes, Justin Timberlake, Brad

Pitt, Matthew Perry, Britney Spears, Jennifer Lopez, Madonna and Cameron Diaz.

17.    As a result of Joe's Jeans' exacting standards, its vigorous promotion of its

products and the publicity generated for its products by the celebrities who wear Joe's Jeans'

products, Joe's Jeans' clothing has come to symbolize quality in the eyes of the consuming

public.

18.    Joe's Jeans uses several distinctive pocket designs in connection with its premium

denim jeans, including the Trademark – the "Inverted Arc" pocket stitch design shown in Exhibit

A to Revise's Complaint and attached hereto as Exhibit A.

19.    Joe's Jeans owns U.S. Trademark Registration No. 3,506,808 in the U.S. Patent

and Trademark Office for its Inverted Arc Trademark.  See Exhibit B.

20.    Joe's Jeans developed the Inverted Arc Trademark in June 2006, and began

selling jeans prominently displaying the Trademark at least as early as August 2006.

21.    Joe's Jeans' jeans bearing the Trademark quickly became one of the most popular

styles of premium jeans that Joe's Jeans sells.  In fact, in the last year alone, Joe's Jeans sold

millions of dollars worth of jeans bearing the Trademark.

22.    As a result of Joe's Jeans': (a) exacting standards; (b) tremendous sales volume;

and (c) vigorous promotion and advertising of its products bearing the Trademark, its jeans

bearing the Trademark have come to symbolize quality in the eyes of the consuming public and

have attained enormous goodwill throughout the United States, New York State and this District.

The Trademark has achieved secondary meaning associating it exclusively with Joe's Jeans in

the mind of the purchasing public.

**B.    Defendants' Use of the Inverted Arc Design Trademark**

23.    Although Joe's Jeans has never authorized Defendants to utilize Joe's Jeans' Trademark in any manner, Defendants are knowingly, willfully and without any consent from Joe's Jeans, selling, distributing, manufacturing, importing, displaying, advertising, marketing and/or promoting clothing bearing infringing reproductions of the Trademark in interstate and intrastate commerce, including commerce in New York and this District.

24.    As illustrated below, Defendants are selling the Infringing Jeans, which is the same type of merchandise sold by Joe's Jeans (jeans) and are using a back pocket design that is deceptively and confusingly similar to Joe's Jeans' registered Trademark, thus misleading consumers by creating the impression that the Infringing Jeans are genuine Joe's Jeans merchandise when, in fact, they are not.

Joe's Jeans' Trademark                                    Defendants' Use

    

25.    Defendants' Infringing Jeans are being produced under the "Xhileration" label and are sold in Target's retail stores and online at online retail store www.target.com.

26.    Upon information and belief, Target Brands, Inc., owns and controls the trademark Xhilaration for goods in International Class 25, including, inter alia, women's jeans, and arranged for the production, offered for sale and sold the Infringing Jeans under the Xhilaration label.

11

27.     Upon information and belief, Revise is the vendor and supplier of the Infringing Jeans, which are sold in Target's stores and manufactured and/or arranged for the manufacture of the Infringing Jeans on behalf of Target.

28.     Defendants began selling its Infringing Jeans <u>after</u> Joe's Jeans began using its Trademark and have profited from the unauthorized production, distribution and sale of the Infringing Jeans bearing Joe's Jeans' Trademark.

29.     Defendants' continued use of Joe's Jeans' Trademark is likely to cause confusion with Joe's Jeans' and its merchandise sold under the Trademark.

30.     Upon information and belief, Defendants are selling its Infringing Jeans to the same or similar consumer base as Joe's Jeans.

31.     Defendants' actions have caused and will cause Joe's Jeans irreparable harm for which money damages alone are inadequate.  Unless Defendants are also restrained by this Court, they will continue and/or expand their unlawful activities and continue to cause substantial and irreparable damage and injury to Joe's Jeans by, among other things:

    a.   depriving Joe's Jeans of its right to use and control use of the Inverted Arc Trademark;

    b.   creating a likelihood of confusion, mistake and deception among consumers and the trade as to the source of the Infringing Jeans;

    c.   causing the public falsely to associate Joe's Jeans with the Infringing Jeans or vice versa;

    d.   causing incalculable and irreparable damage to Joe's Jeans' goodwill; and

    e.   causing Joe's Jeans to lose sales of its jeans sold bearing the Inverted Arc Trademark.

### FIRST CLAIM FOR RELIEF

**(Trademark Counterfeiting and Trademark Infringement
Under 15 U.S.C. §§1114 and 1116)**

32.    Joe's Jeans repeats and re-alleges the allegations in Paragraphs 1 through 31 as if fully set forth herein.

33.    By its unauthorized use of a mark that is virtually identical to Joe's Jeans' Trademark, Defendants are trading on Joe's Jeans' registered Trademark and are misappropriating the goodwill and reputation which has attached to that Trademark.

34.    Joe's Jeans has not consented directly or indirectly to Defendants' use of its Inverted Arc Trademark in any manner and has expressed its strong written objection to Defendants' unauthorized use of the Trademark.

35.    Defendants' unauthorized use of the Trademark constitutes infringement of a federally registered trademark and is likely to confuse and deceive customers into believing that Defendants and their apparel and advertisements for the same are associated with and/or authorized by Joe's Jeans when no such association exists.

36.    The actions complained of herein are likely to cause confusion, to cause mistake or to deceive others into erroneously believing that the Infringing Jeans being advertised and sold by Defendants are authorized by, licensed by, sponsored by, endorsed by or otherwise associated with Joe's Jeans.

37.    The acts and conduct of Defendants complained of herein constitute willful and deliberate infringement of Joe's Jeans' Trademark  in violation of Section 32 of the Lanham Trademark Act, 15 U.S.C. § 1114.

38.    By reason of all the foregoing, Joe's Jeans is being damaged by Defendants' willful infringement of its Trademark in the manner set forth above and will continue to be

damaged unless Defendants are enjoined from using the Trademark or any colorable imitations thereof on apparel items.

39.    Joe's Jeans will be irreparably injured by the continued acts of Defendants, unless such acts are immediately enjoined.  Joe's Jeans has no adequate remedy at law and, as such, is entitled to injunctive relief under 15 U.S.C. §1116 (a).

40.    In light of the foregoing, Joe's Jeans is entitled to injunctive relief prohibiting Defendants from selling, advertising, manufacturing, promoting, distributing the Infringing Jeans.

41.    As a result of Defendants' unlawful conduct as described herein, Joe's Jeans is also entitled to recover from Defendants all damages it has sustained in an amount to be determined at trial including but not limited to attorneys' fees and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a).

42.    Defendants' infringement of Joe's Jeans' trademark constitutes an exceptional case and was intentional, entitling Joe's Jeans to treble its actual damages and to an award of attorneys' fees under 15 U.S.C. §§ 1117.

## SECOND CLAIM FOR RELIEF

### (Unfair Competition and False Designation of Origin Under 15 U.S.C. §1125(a))

43.    Joe's Jeans repeats and realleges the allegations contained in Paragraphs 1 through 42 as if fully set forth herein.

44.    Joe's Jeans owns all right, title and interest in and to, and holds the exclusive rights to market and sell, clothing bearing the Trademark and has built up valuable goodwill in the distinctive appearance of its Inverted Arc Trademark.

45.     Because of the substantial sales of the goods bearing the Trademark, the Trademark has achieved secondary meaning, associating them in the mind of the purchasing public exclusively with Joe's Jeans and its clothing.

46.     Defendants' use of the Trademark falsely suggests that Joe's Jeans is the source of, or has approved or authorized, the use of the Trademark on the Infringing Jeans and is likely to deceive purchasers, prospective purchasers, and members of the relevant trade and public into believing that the Infringing Jeans are associated or affiliated with Joe's Jeans.

47.     Defendants' continued unauthorized use of Joe's Jeans registered Trademark has damaged Joe's Jeans by diverting sales, damaging Joe's Jeans' valuable reputation and tarnishing the images associated with its premium jeans.  Defendants intended to and did trade on Joe's Jeans' goodwill associated with the Inverted Arc Trademark to mislead the public

48.     The foregoing acts of Defendants constitute unfair competition in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a).

49.     As a direct and proximate result of Defendants' infringing activities, Joe's Jeans has suffered substantial damage.  Joe's Jeans will continue to be damaged by the continued unlawful acts of Defendants, unless such acts are immediately enjoined.

50.     Joe's Jeans is entitled to injunctive relief under 15 U.S.C. §1116 (a), prohibiting Defendants from selling, advertising, manufacturing, promoting, distributing the Infringing Jeans Joe's Jeans has no adequate remedy at law.

51.     Joe's Jeans is also entitled to recover from Defendants all damages it has sustained in an amount to be determined at trial including but not limited to attorneys' fees and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a).

## THIRD CLAIM FOR RELIEF
### (Common Law Unfair Competition)

52.     Joe's Jeans repeats and realleges the allegations contained in Paragraphs 1 through 51 as if fully set forth herein.

53.     Joe's Jeans has expended substantial time, resources and effort to develop and obtain an excellent reputation and good will for itself, its products and its Trademark.

54.     Defendants have knowingly and willfully appropriated Joe's Jeans' Trademark in an effort to falsely create the impression that the Infringing Jeans are sanctioned by Joe's Jeans and in order to arrogate unto itself all of the goodwill associated with the Trademark. Defendants' unlawful acts in appropriating rights in Joe's Jeans' Trademark were intended to capitalize on Joe's Jeans' goodwill for Defendants' own pecuniary gain.

55.     The Infringing Jeans being sold by Defendants are calculated to and are likely to create confusion and to deceive and mislead consumers into believing that such merchandise originated with or is authorized by Joe's Jeans, and has likely caused and is likely to continue to cause confusion as to the source of Defendants' Infringing Jeans, all to the detriment of Joe's Jeans.

56.     Upon information and belief, Defendants have obtained gains, profits and advantages as a result of its impermissible use of Joe's Jeans' Trademark in an amount not yet determined or ascertainable.

57.     Defendants' acts as alleged above constitute unfair competition and will, unless enjoined by this Court, result in the destruction and/or diversion of Joe's Jeans' goodwill in its Trademark and the unjust enrichment of Defendants.

58.    Upon information and belief, Defendants committed the acts alleged herein intentionally, deliberately, fraudulently, maliciously, willfully, wantonly and oppressively with the intent to confuse the public and to injure Joe's Jeans in its business.

59.    Joe's Jeans has no adequate remedy at law and is suffering irreparable harm and damage as a result of the aforesaid acts of Defendants in an amount not yet determined or ascertainable.

60.    Joe's Jeans is entitled to recover from Defendants all damages it has sustained in an amount to be determined at trial including but not limited to attorneys' fees and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action and punitive damages.

## FOURTH CLAIM FOR RELIEF
### (Unlawful Deceptive Acts and Practices - N.Y. Gen. Bus. Law §349)

61.    Joe's Jeans repeats and realleges the allegations of Paragraphs 1 through 60 of the Complaint as if fully set forth herein.

62.    Defendants, without Joe's Jeans' authorization or consent, and having knowledge of Joe's Jeans' prior rights in and to the Trademark, manufactured, advertised, distributed, offered for sale and sold the Infringing Jeans to the consuming public in direct competition with Joe's Jeans.

63.    Defendants' use of Joe's Jeans' Trademark is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of Defendants' Infringing Jeans, and is likely to deceive the public into believing the Infringing Jeans being sold by Defendants originate from, are associated with, or are otherwise authorized by Joe's Jeans.

64.    Defendants' deceptive acts and practices involve public sales activities of a recurring nature.

65.    Joe's Jeans has no adequate remedy at law, and if Defendants' activities are not enjoined, Joe's Jeans will continue to suffer irreparable harm and injury to its goodwill and reputation.

66.    In addition to injunctive relief, Joe's Jeans is entitled to all damages it has sustained in an amount to be determined at trial but not less than Defendants' profits and gains, attorneys fees and costs of this action.

**PRAYER FOR RELIEF**

WHEREFORE, Joe's Jeans respectfully requests the following relief against Defendants, jointly and severally:

a.    That Defendants, their subsidiaries, affiliates, parents, officers, directors, agents, servants, employees, attorneys, confederates, related companies, licensees, and all persons acting for, with, by, through and under them be preliminarily and permanently enjoined from:

i.    directly or indirectly infringing Joe's Jeans' Inverted Arc Trademark in any manner, including, but not limited to, reproducing, adapting, and/or displaying the Trademark by distributing, importing, exporting, advertising, marketing, selling and/or offering for sale, or causing others to do so, any product, including without limitation, jeans bearing any simulation, reproduction, counterfeit, copy or colorable imitation of Joe's Jeans' Trademark or any mark confusingly similar thereto;

ii.    committing any acts calculated to cause purchasers to believe that their products are associated with, approved or authorized by, related to or otherwise connected in any

way with Joe's Jeans or any good sold, manufactured, sponsored, approved by or connected with or to Joe's Jeans;

iii.         making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any product, including clothing or other merchandise, manufactured, distributed or sold by Defendants are in any manner associated or connected with Joe's Jeans, or are sold, manufactured, licensed, sponsored, approved or authorized by Joe's Jeans;

iv.         using any false descriptions or representations or any false designations of origin or from otherwise committing any acts of unfair competition with respect to Joe's Jeans and its Trademark by using such Inverted Arc Trademark or any mark or design confusingly similar thereto without the permission or authorization of Joe's Jeans;

v.         engaging in any other activity constituting unfair competition with Joe's Jeans, or constituting an infringement of any of Joe's Jeans' Trademark or of Joe's Jeans' rights in, or to use or to exploit, said Trademark, or constituting any tarnishing of Joe's Jeans' name, reputation or goodwill.

b.         Directing that Defendants be required to effectuate the removal, recall, and return from commercial distribution and/or public display of any products, promotional materials, or advertising materials bearing a design identical or substantially similar to the Inverted Arc Trademark and that Defendants be required to file with the Court and serve upon Joe's Jeans, within 30 days of the entry of judgment in this matter, a written report under oath setting forth the details of how Defendants have complied with this paragraph.

c.    Directing that Defendants deliver for destruction all Infringing Jeans, goods, products, signs, labels, brochures, advertising, promotional materials, prints, packages, wrappers, receptacles and catalogs in its possession or under its control bearing Joe's Jeans' Trademark or any simulation, reproduction, counterfeit, copy of colorable imitation thereof, and all plates, molds, matrices and other means of making the same and that Defendants be required to file with the Court and serve upon Joe's Jeans, within 30 days of the entry of judgment in this matter, a written report under oath setting forth the details of how Defendants have complied with this paragraph.

d.    Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any products, including clothing, manufactured, sold or otherwise circulated or promoted by Defendants are authorized by Joe's Jeans or related in any way to Joe's Jeans' products.

e.    Directing that an accounting and judgment be rendered against Defendants for all profits received by Defendants and all damages sustained by Joe's Jeans on account of Defendants' trademark infringement and unfair competition and, furthermore, that such profits and damages as found herein be trebled as provided for by 15 U.S.C. §1117.

f.    Awarding Joe's Jeans its costs in this action together with reasonable attorneys' fees and expenses as provided for by 15 U.S.C. §1117.

g.    Directing that the Court retain jurisdiction of this action for the purpose of enabling Joe's Jeans to apply to the Court at any time for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith, and for the punishment of any violations thereof.

h.      Awarding to Joe's Jeans such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Joe's Jeans demands a trial by jury on all claims as to which a jury trial may be had.

Respectfully submitted,
**PRYOR CASHMAN LLP**

By _____

Brad D. Rose, Esq., brose@pryorcashman.com
Lisa M. Buckley, Esq., lbuckley@pryorcashman.com
7 Times Square
New York, NY 10036-6965
(212) 421-4100 (TEL)
(212) 326-0806 (FAX)

*Attorneys for Joe's Jeans Subsidiary, Inc. and Joe's Jeans, Inc.*

# EXHIBIT A



# EXHIBIT B

Int. Cl.: **25**

Prior U.S. Cls.: **22 and 39**

**Reg. No. 3,506,808**

## United States Patent and Trademark Office

Registered Sep. 23, 2008

### TRADEMARK
### SUPPLEMENTAL REGISTER



JOE'S JEANS SUBSIDIARY, INC. (DELAWARE CORPORATION)
5901 EASTERN AVENUE
COMMERCE, CA 90040

FOR: JEANS; PANTS; DENIMS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 2-28-2008; IN COMMERCE 2-28-2008.

THE MARK CONSISTS OF A STITCHING DESIGN ON THE BACK POCKETS OF PANTS. THE DESIGN IS THE STITCHING OF TWO CURVED LINES, ONE DIRECTLY ABOVE THE OTHER ON THE BACK POCKET OF JEANS. THE LINES ON THE POCKET REPRESENT STITCHING. THE SHAPE OF THE POCKET IS REPRESENTED BY BROKEN LINES AND IS NOT PART OF THE MARK BUT ONLY SERVES TO SHOW THE POSITION OF THE MARK.

SER. NO. 77-476,192, FILED P.R. 5-16-2008; AM. S.R. 8-7-2008.

TANYA AMOS, EXAMINING ATTORNEY